**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

LESLIE PURNELL,

    Plaintiff,

v.                                      Case No. 05-CV-73384-DT

ARROW FINANCIAL SERVICES, LLC,

    Defendant.

_____/

**OPINION AND ORDER DISMISSING COUNTS II AND III**
**(STATE LAW CLAIMS) AND CLOSING THE CASE**

On February 6, 2007, the court conducted the first portion of a bifurcated trial to decide the threshold factual question in this case. Specifically, Defendant Arrow Financial Services, LLC, admitted that is had erroneously reported Plaintiff's account to Equifax, a "credit bureau" reporting agency, on some eleven occasions within the one-year statutory period, but advanced an affirmative defense of *bona fide* error against Plaintiff Leslie Purnell's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendant did not contest Plaintiff's claim that Defendant had violated Section 1692e(8) by failing to attach a "dispute marker" to those "communications" Defendant made by means of automated, monthly reporting to the Equifax.[1] Through specific interrogatories that required the jury to consider each instance of false reporting individually as against the evidence of *bona fide* error, the jury accepted the *bona fide* error defense, returning a verdict in favor of Defendant. Consequently, no viable federal action remains for Plaintiff.

---

[1] Plaintiff has denied owing the debt, claiming that it arose from fraud committed by a third party.

While Plaintiff had advanced to the court a strict liability theory such that *any* reporting of a debt that is false runs afoul of FDCPA, and the theory that Defendant attempted to collect the debt (chiefly by reporting it to Equifax beginning about 2001) without sending Plaintiff verification in the wake of Plaintiff's 2001 letter disputing the obligation, the court has not been persuaded that either theory can be supported against the clear time-bar imposed by the FDCPA.  Even if it were true that the debt was erroneously attributed to Plaintiff, the FDCPA does not sweep as broadly as Plaintiff argues.  Plaintiff has presented no binding authority stating that the FDCPA imposes strict liability upon debt collectors.[2]  Indeed, if such a rule were applied, there would seem to be no place for the *bona fide* error defense the parties have so vigorously litigated.  The verdict of the jury leaves undisturbed only Plaintiff's claims under Michigan law.

While the court has discretion to exercise jurisdiction over Plaintiff's state law claims, it is appropriate now for the court to decline exercising jurisdiction over those claims.  A district court may decline to exercise jurisdiction over claims allowed in federal court pursuant to subsection (a) if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c).  The court, pursuant to the above analysis, has dismissed all claims in this case over which it had original jurisdiction.  Because the court only conducted a limited trial for determination of a narrow and discrete factual issue, considerations of judicial economy do not weigh in favor of further proceedings resolving the state claims.  *See e.g. United Mine Workers*

---

[2]To the extent that persuasive authority from other jurisdictions states such a rule, the court rejects that authority.

*of America v. Gibbs*, 383 U.S. 715, 726-727 (1966) ("[if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.")  The court will therefore decline to reach Plaintiff's remaining claims under state law.  Accordingly,

IT IS ORDERED that Counts II and III are DISMISSED without prejudice.  The Clerk of the Court will enter judgment on Count I in favor of Defendant consistent with the verdict of the jury, and will close the case.

       S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: February 9, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2007, by electronic and/or ordinary mail.

       S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522