# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LESLIE PURNELL,

        Plaintiff,

v.                                    Case No. 05-CV-73384-DT

ARROW FINANCIAL SERVICES, LLC,

        Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S "OBJECTIONS TO TAXED BILL OF COSTS"

Pending before the court is Plaintiff Leslie Purnell's "Objections to Bill of Costs Entered by Clerk," which was filed on April 16, 2007. The matter has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). The court will deny the objections for the following reasons.

## I. DISCUSSION

At the outset, the court concludes that Defendant Arrow Financial Services is the prevailing party for purposes of Federal Rule of Civil Procedure 54, which provides that the prevailing party may recover certain costs "as of course." Fed. R. Civ. P. 54(d)(1). The jury weighed the evidence and accepted Defendant's *bona fide* error defense, effectively ending Plaintiff's federal case.[1] Plaintiff's assertion that he, rather than Defendant, prevailed on the merits is incorrect. As such, Plaintiff is subject to certain taxable costs.

_____

[1]The court is aware that Plaintiff challenges this conclusion in two other post-trial motions, which the court will decide in a separate order.

### A. Court Reporter Fees

Section II(B)(1)(e) of The United States District Court for the Eastern District of Michigan Bill of Costs Handbook specifically states that transcripts used in support of a motion are taxable to the non-prevailing party. Defendant's itemized table of costs notes that Tina Sapere's deposition was used in support of Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction," filed January 19, 2007. (Defs.' Bill of Costs at 3.) Plaintiff's reliance on Federal Rule of Civil Procedure 30(b)(3), which refers to "another method to record the deponent's testimony in addition to the method specific by the person taking the deposition" is misplaced. Plaintiff's further reliance on Rule 54(b) is irrelevant as the subject matter of the rule does not apply to costs. Finally, Plaintiff's general citation to *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006), actually supports Defendant's position. *Marmo* states that costs are allowed in favor of the prevailing party for depositions "useful in assisting a resolution of contested issues." *Id.* at 763. As stated earlier, Sapere's deposition was used in support of Defendant's motion to dismiss. As such, these fees are taxable.

### B. Witness Fees

Costs incurred by Brian Cutler are taxable as a witness pursuant to Section II(C)(1) of the Bill of Costs Handbook. Section II(C)(2)(a) denies taxation of costs only for "expenses of witnesses who are themselves parties to the case." Cutler was never named a party in this case. Because Section II(C)(2)(a) precludes taxation of party witness expenses only, Plaintiff's reliance on Federal Rule of Civil Procedure 30(b)(6) is again misplaced. Plaintiff cites no authority that has interpreted appearance as a

witness pursuant to Rule 30(b)(6) as having the effect of making that witness a party to the action.

Further, Cutler's presence at trial went beyond merely serving as a party representative for corporate Defendant. He gave key testimony regarding his personal knowledge of the credit reporting activity of Defendant and, specifically, its transition from one automated software system to another. Though not specifically named in Plaintiff's witness list, Cutler fits Plaintiff's description of a representative of Defendant who "may have knowledge of Plaintiff's claims and may attest to the policies and procedures used in collection accounts." (5/16/06 Pl.'s Witness List at 1.) The role Cutler played therefore more closely resembles that of a non-party witness. Had Defendant sent a separate corporate representative, the point would be clearer. The court does not believe that Defendant's effort to economize the cost of litigation should preclude its recovery of witness fees to which it is entitled "as of course." Fed. R. Civ. P. 54(d)(1). Pursuant to Section II(C)(1) of the Bill of Costs Handbook, the witness fees for Cutler are taxable to Plaintiff.

### C. Plaintiff's Equitable Arguments

Finally, the court cannot exercise the discretion Plaintiff seeks or give weight to the equitable arguments Plaintiff advances. The court is barred from considering Plaintiff's age, veteran status, employment situation and current financial condition. The Sixth Circuit has held that ability to pay costs are to be ignored for purposes of effectuating the presumption in favor of awarding costs under Rule 54(d)(1). *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005); *Talley-Bay v. Kneble*, 168 F.3d 884, 886-87 (6th Cir. 1999). As such, the above costs are taxable.

## II. CONCLUSION

IT IS ORDERED that Plaintiff's "Objections to Bill of Costs Entered by Clerk"

[Dkt. # 76] is DENIED.  Pursuant to the taxed bill of costs filed by the clerk of the court

[Dkt # 75], Plaintiff is responsible for taxed costs in the amount of $663.75.


                         S/Robert H. Cleland
                         ROBERT H. CLELAND
                         UNITED STATES DISTRICT JUDGE

Dated:  May 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, May 29, 2007, by electronic and/or ordinary mail.

                         S/Lisa Wagner
                         Case Manager and Deputy Clerk
                         (313) 234-5522