**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| LESLIE PURNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05-CV-73384-DT |
| v. ) | Hon. Robert H. Cleland |
| ) | |
| ARROW FINANCIAL SERVICES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTIONS IN LIMINE**

NOW COMES Defendant Arrow Financial Services, LLC ("Arrow"), by and through its undersigned counsel, and moves *in limine* as follows:

**Motion in Limine No. 1**

Plaintiff filed this complaint on September 1, 2005. Under the FDCPA, claimants must bring an action within one year from the date on which the violation occurs. 15 U.S.C. §1692k(d); *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 404 (6th Cir. 1998). Here, the undisputed facts demonstrate that Arrow's collection efforts ceased, at the latest, on August 17, 2004, more than one year prior to the filing of the complaint. As such, plaintiff should be barred from introducing any evidence in support of his FDCPA claim regarding collection actions that took place prior to September 1, 2004. This would include, at a minimum, all of the collection letters (5) sent by Arrow and all of the telephone conversations (3) between the parties.

**Motion in Limine No. 2**

Plaintiff filed this complaint on September 1, 2005. Plaintiff's state law claims are governed by a three-year statute of limitations. M.C.L. § 600.5805(10). As such, plaintiff should be barred from introducing any evidence in support of his state law claims regarding collection actions that took place prior to September 1, 2002.

Neither of the Michigan debt collection practices statutes at issue here contain an explicit limitations period; therefore, the court must look to Michigan's general statutory provisions regarding statutes of limitation. Specifically, M.C.L. § 600.5805(10) applies to "traditional common-law torts, regardless of whether the damages sought are for pecuniary or physical injury." *Local 1064, RWDSU AFL-CIO v. Ernst & Young*, 449 Mich. 322, 328, 535 N.W.2d 187, 190 (1995). *See, e.g.*, *Nelson v. Ho*, 222 Mich. App. 74, 85, 564 N.W.2d 482, 487 (1997) (intentional infliction of emotional distress); *James v. Logee*, 150 Mich. App. 35, 38, 388 N.W.2d 294, 296 (1986) (interference with contract); *MacDonald v. Ford Motor Co.*, 117 Mich. App. 538, 544, 324 N.W.2d 489, 492 (1982) (mental anguish); *Meyer v. Hubbell*, 117 Mich. App. 699, 710, 324 N.W.2d 139, 144 (1982) (tortious interference with economic relations).

Although some courts have found that Michigan's six-year "catch-all" limitations period, M.C.L. § 600.5813, applies when the right to recovery arises

from a statute that itself does not mention a limitation period,[1] various Michigan courts have, nonetheless, applied the three-year period in civil cases arising from statutory violations where the statute itself failed to specify a limitation.  *See, e.g.*, *Rainbow Nails Enters. v. Maybelline, Inc.*, 93 F. Supp. 2d 808, 831-32 (E.D. Mich. 2000) (trade secret misappropriation); *Womack-Scott v. Dep't of Corrections*, 246 Mich. App. 70, 74, 630 N.W.2d 650, 653 (2001) (employment discrimination under the Michigan Civil Rights Act).

Moreover, cases that hold in favor of applying the six-year limitation period for such statutory claims typically cite (or trace back to) as their main support *Nat'l Sand, Inc. v. Nagel Constr., Inc.*, 182 Mich. App. 327, 337, n. 7, 451 N.W.2d 618, 622, n. 7 (1990), where the court stated:

> The common theme of *Goldfarb, Metzen, Walper*, and *Hart* is that the right to recovery does not arise from a common-law right, but arises from a statute. *Goldfarb* involved overcharging under the bail bondsmen statute, *Metzen* a refund under a tax statute, *Walper* the collection of an assessment under a statute, and *Hart* the right to compensation for an inverse condemnation.

Here, however, the claims asserted under the Michigan debt collection practices statutes are, essentially, codified forms of traditional, common-law claims for negligence, harassment, defamation, tortious interference with contract or prospective economic advantage, and the like.  Thus, as with claims

---

[1] See *Estes v. Idea Eng'g & Fabricating, Inc.*, 250 Mich. App. 270, 283, 649 N.W.2d 84, 92 (2002) (applying six-year limitation period to claim brought under the Michigan Business Corporation Act); *DiPonio Constr. Co. v. Rosati Masonry Co.*, 246 Mich. App. 43, 56, 631 N.W.2d 59, 66 (2001) (holding that plaintiffs' injuries under the Michigan Builders' Trust Fund Act were subject to the six-year limitation period because the injury was "not a traditional tort" and because the Act did not provide a limitation period).

3

for trade secret misappropriation under the Uniform Trade Secrets Act, M.C.L. § 445.1901, *et seq.*, and employment discrimination under Michigan's Civil Rights Act, M.C.L § 37.2101, *et seq.*, plaintiff's claims based on Michigan's debt collection practices statutes are subject to the three-year limitation period of M.C.L. § 600.5805(10).  Any alleged violations that occurred prior to September 1, 2002 cannot, therefore, form the basis for recovery.

### **Motion in Limine No. 3**

Plaintiff should be barred from calling his son, William Purnell, as a witness, on the grounds that such testimony would be irrelevant, immaterial, and cumulative, and because any probative value it may have is outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury, under F.R.E. 403.  Arrow never directed any collection efforts at William Purnell, nor ever even spoke with him regarding the account.  Indeed, the FDCPA prohibits such third-party communications (*see* 15 U.S.C. §1692c(b)), and on the one occasion (September 24, 2001) when William Purnell called Arrow, the Arrow representative properly declined to speak with him.

Defendant anticipates that William Purnell may attempt to testify to plaintiff's alleged emotional distress over Arrow's collection efforts.  Plaintiff, however, is the best source of such testimony, and William Purnell's testimony would be merely cumulative and designed to elicit sympathy from the jury.

Defendant further anticipates that William Purnell may attempt to testify with respect to the problems plaintiff allegedly encountered with other debt

4

collectors on this account. For the reasons set forth below in Motion in Limine No. 4, such evidence would be irrelevant and immaterial, and any probative value it may have is outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury, under F.R.E. 403.

**Motion in Limine No. 4**

Plaintiff should be barred from testifying or introducing evidence regarding any problems he allegedly encountered with other debt collectors on this account, on the basis that such evidence would be irrelevant and immaterial, and because any probative value it may have is outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury, under F.R.E. 403. Plaintiff complains that he has been "hounded" by a series of debt collectors about this debt for 20 years, but those other collectors' actions are not at issue here. Arrow's entire contact with plaintiff consisted of five collection letters and three phone calls (two of which plaintiff initiated) over the course of less than three years. Reference to plaintiff's alleged problems with earlier debt collectors is designed solely to inflame the jury and unfairly prejudice Arrow.

Dated: April 3, 2009                    Respectfully Submitted,

                                            ARROW FINANCIAL SERVICES, LLC

                                            By: /s/ David L. Hartsell
                                                  One of its Attorneys

David L. Hartsell
McGUIREWOODS LLP
77 W. Wacker Drive, Ste. 4100
Chicago, Illinois 60601
(312) 849-8100
(312) 849-3690 (fax)
dhartsell@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I, David L. Hartsell, hereby certify that on April 3, 2009, I electronically filed the foregoing **DEFENDANT'S MOTIONS IN LIMINE** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following ECF users:

>Ian B. Lyngklip
>Lyngklip & Taub Consumer Law Group, PLC
>24500 Northwestern Highway
>Suite 206
>Southfield, MI 48075
>ilyngklip@pop.net

                                              /s/ David L. Hartsell

\8329404.2