IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE PURNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-CV-73384-DT |
| v. | ) | Hon. Robert H. Cleland |
| | ) | |
| ARROW FINANCIAL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTIONS *IN LIMINE*__**

NOW COMES Defendant Arrow Financial Services, LLC ("Arrow"), by and through its undersigned counsel, and for its reply in support of its motions *in limine* states as follows:

**MOTION *IN LIMINE* NO. 1**

There cannot be any serious dispute that the FDCPA has a one-year statute of limitations and, therefore, plaintiff cannot base *an FDCPA claim* on collection activity that took place outside the limitations period. Whether plaintiff can base a Michigan claim on some or all of that activity is a different question, and turns on a determination of what limitations period applies to those claims (as discussed below).

**MOTION *IN LIMINE* NO. 2**

**A.    Arrow Has Not Waived its Statue of Limitations Defense.**

Plaintiff argues that Arrow's limitations defense is untimely because "Defendant had not raised the Michigan statute of limitations issue prior to this motion *in limine*." Pl's Resp. 4. That is flatly untrue. Over three years ago, Arrow pled as an affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations." *See* Am. Ans.,

Mar. 1, 2006 (Dkt. 14), p. 5.  Further, Arrow proffered this same Michigan limitations defense on January 24, 2007 in both its initial trial brief to this Court and as a motion *limine*.  *See* Dkt. 41, pp. 10-12; Dkt. 42, pp. 2-4.  Arrow's motion is, therefore, timely.  *See Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (although "[g]enerally, a failure to plead an affirmative defense, like statute of limitations, results in the waiver of that defense and its exclusion from the case…as a practical matter there are numerous exceptions to this broad rule, the most significant for our case being the rule allowing amendments to the answer under Fed. R. Civ. P. 15(b)" -- which is precisely what the defendant did in this case).

      **B.**      **The Three-Year Statute of Limitations Governs Plaintiff's State Law Claims.**

Plaintiff's claims under the Michigan debt collection statutes fall under the three-year statute of limitations for "injury to a person or property."  M.C.L. § 600.5805(10).[1]  Plaintiff admits as much by agreeing that although statutes without an express limitation period—like those at issue here—are sometimes governed by the six-year catch-all period in M.C.L. § 600.5813, "the notable exception—and the cases cited by defendant fall within this exception—is when the statute reflects previously extent common law claims."  Pl's Resp. 4.  Facing this "notable exception," Plaintiff strains to refute the fact that the Michigan debt collection statutes are, essentially, codified forms of traditional, common-law torts such as negligence, intentional infliction of emotional distress, mental anguish, harassment, defamation, and tortious interference with contract or prospective economic advantage.

---

[1] Without explanation, Plaintiff limits his arguments in sections 2(c)-(d) of his instant Response to the Michigan Occupational Code, thus failing to make associated assertions for the Michigan Collections Agencies Act, M.C.L. § 445.251 *et seq.*  Arrow's motion and reply apply, however, to both Michigan statutes.  Therefore, to the extent that Plaintiff has failed to support his statute of limitations arguments for the Michigan Collection Agencies Act, Plaintiff has implicitly conceded that those claims are governed by the three-year limitation period in M.C.L. § 600.5805(10).

Plaintiff asserts that, through the Michigan Occupational Code, the legislature "treads on new ground" and "creates new claims" such that the statue is not a codification of traditional common law claims.  *See* Pl's Resp. 4-5.  Plaintiff offers a laundry list of statutory provisions that allegedly have "no conceivable basis or cognates in common law claims," but which are, in fact, irrelevant to the instant suit.  *See* Pl's Resp. 5.   Indeed, Plaintiff has not alleged violation of any of the stated provisions.  *See* Compl., Dkt. 1.

Plaintiff also argues that the Occupational Code covers "a wide variety of conduct including unfair practices which were previously not actionable."  Pl's Resp. 6.  In the next breath, however, Plaintiff cites language from the original public act that disproves his assertion: "An act to revise, consolidate, and classify the laws of this state…."  Pl's Resp. 6 (emphasis added).  This language makes clear that the Occupational Code dealt with already-established law.  Although the act also "establishes rights, relationships, and remedies of certain persons under certain circumstances," Plaintiff offers no support that this latter expression applies specifically to debtors, debt collectors, and debt collection practices.

The debt collection statutes at issue do not contain an explicit limitations period and are best viewed as codified forms of traditional common law torts such as those listed above.  Various Michigan courts have applied the three-year period in civil cases arising from statutory violations where the statute itself failed to specify a limitation.  *See*, *e.g.*, *Rainbow Nails Enters. v. Maybelline, Inc.*, 93 F. Supp. 2d 808, 831-32 (E.D. Mich. 2000) (trade secret misappropriation); *Womack-Scott v. Dep't of Corrections*, 246 Mich. App. 70, 74, 630 N.W.2d 650, 653 (2001) (employment discrimination under the Michigan Civil Rights Act).  Similarly, Plaintiff's claims should be governed by the three-year period in M.C.L. § 600.5805(10).

### C. Claims under the Michigan debt collection practices statutes are not "most similar to fraud."

Plaintiff argues in the alternative that, if his claims are to be equated to common law torts, then fraud—which, Plaintiff argues, has a six-year limitation period—is the most similar to this suit. *See* Pl's Resp. 6-7. Plaintiff's assertion has no merit.

First, Plaintiff's own allegations liken his claims more with mental anguish and intentional infliction of emotional distress—which carry three-year statutes of limitations—than with fraud. *See Nelson v. Ho*, 222 Mich. App. 74, 85, 564 N.W.2d 482, 487 (1997) (intentional infliction of emotional distress); *MacDonald v. Ford Motor Co.*, 117 Mich. App. 538, 544, 324 N.W.2d 489, 492 (1982) (mental anguish). Plaintiff insists that he "must have corroborative evidence of emotional distress," and stresses his "anxiety, confusion, frustration, and an overall sense of powerlessness." Pl's Resp. 8-9. Further, Plaintiff's proposed jury instructions request "compensation for personal humiliation, embarrassment, mental anguish, and emotional distress." Dkt. 66-5, Inst. No. 21. *See also id.* at Inst. No. 22 ("Plaintiff in this case claims damages for emotional distress. Plaintiff has also submitted evidence that he suffers from a condition that may have caused the injuries he suffered to be more serious than they would if he did not suffer from that condition"). These same instructions make no mention of the word "fraud." As such, Plaintiff's own words contradict his claims' alleged resemblance to fraud.

Second, claims for fraud must allege fraudulent intent and satisfy a heightened pleading requirement, both of which are inapplicable to the Michigan debt collection statues and, to be sure, not met by Plaintiff's allegations. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud…a party must state with particularity the circumstances constituting fraud…"); *Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 504 (6th Cir. 2007) (citing Rule 9(b) and the elements of fraud). In this way,

4

Plaintiff's claims under the Michigan statutes are more akin to non-fraud torts that do not require fraudulent intent or conformance with a heightened pleading standard.

Finally, the three cases cited by Plaintiff are inapposite. Plaintiff's authorities apply six-year limitations periods to fraud claims where "damages are sought for injury to plaintiff's financial expectations" or "when buyers are lead to expect more than they received." *Blue Cross of Mich. v. Folkema*, 174 Mich. App. 476, 481 (1988). In other words, the six-year limitation applies to fraud actions where the plaintiff "is misled about the value of the defendant's services." *Id. Accord* Plaintiff's citation to *Badon v. Gen. Motors Corp.*, 188 Mich. App. 430, 435 (1991) (applying six-year limitation where plaintiffs' "allegations are in the nature of fraud, mistake, or injury to financial expectations") *and Kuebler v. Equitable Life Ass. Soc.*, 219 Mich. App. 1, 3-6 (1996) (applying six-year period to plaintiffs' fraud claim where life insurance agent misled plaintiffs into believing that insurance policies would be fully paid in three years but where, in reality, the premiums were payable for life). Here, Plaintiff's state law claims do not remotely allege fraud leading to "loss of financial expectation" from goods or services purchased from Arrow, or that he was "mislead about the value of Arrow's services." Thus, even assuming that Plaintiff's claims sounded in fraud, Plaintiff's cited authorities have no basis here, and the six-year limitation period they apply is immaterial. *See also Jaffe v. Harris*, 126 Mich. App. 813, 820 (1983) (finding that claim for fraudulent concealment fell under six-year period of limitation "where plaintiffs seek damages for loss of financial expectation…").

### D.     The most analogous statute is the FDCPA.

Although the Court may look to analogous statutes for guidance, Plaintiff's attempt to analogize the Michigan debt collection statutes to the six-year-limitations-period Michigan

5

Consumer Protection Act ("Consumer Act") misses the mark. The Consumer Act does not govern debt collection. The most analogous statute is, rather, the FDCPA, which has a one-year limitations period. *See* 15 U.S.C. §1692k(d).

To reach this conclusion, the Court need look no further than the claims brought by Plaintiff in this action—namely, one count under the FDCPA and one count under each of the corresponding Michigan debt collection statues. Plaintiff did not bring suit under the Consumer Act because that statute is incompatible with his claims. *Accord Ruthenberg v. Bureaus, Inc.*, No. 07-CV-15010, 2008 U.S. Dist. LEXIS 65633 (E.D. Mich. Aug. 25, 2008) (plaintiff alleged defendant-debt collector violated FDCPA, Michigan Collection Practices Act, and the Michigan Occupational Code). As such, the Consumer Act serves as a poor guide for determining the appropriate limitations period. Should the Court rely on analogous statutes, it should adopt the FDCPA's one-year statute of limitation.

### E. The Three-Year Limitation Period Bars the Consideration of Time-Barred Acts for Any Purpose.

Finally, Plaintiff's attempt to work an end-around to the limitation period and bring in time-barred acts as "background" is unfounded. Without citation to any legal authority, Plaintiff asserts that, even if the Court applies a three-year limitation, "events prior to [that] period would be relevant as background" and, thus, immune to the statute of limitation. Pl's Resp. 7. Plaintiff's position is expressly contradicted by this Court's decision in *Seldon-Whittaker v. HCR Manor Care*, No. 05-70641, 2006 U.S. Dist. LEXIS 63846 (E.D. Mich. Sept. 7, 2006).

In *Seldon*, the plaintiff argued that the court should consider time-barred incidents to analyze "the totality of circumstances" surrounding her claim based on hostile work environment. *Id.* at *22-23. The Court disagreed and declined to consider "any of the acts

6

which were outside of the statute of limitation." *Id.* at *25-26. "There is no basis to find that Michigan courts would…allow consideration of time-barred acts as 'relevant background evidence' in support of claims brought within the statute of limitations…" *Id.*(*citing Garg v. Macomb County Cmty. Mental Health Servs.*, 472 Mich. 263 (2005), which "explicitly declined to consider time-barred acts <u>for any purpose</u>, even though they were related to acts [within] the statute of limitations") (emphasis added).  As such, plaintiff should be barred from introducing any evidence in support of his state law claims regarding collection actions that took place prior to September 1, 2002.

## M<span style="font-variant:small-caps">OTION</span> *<span style="font-variant:small-caps">IN</span> L<span style="font-variant:small-caps">IMINE</span>* N<span style="font-variant:small-caps">O</span>. 3

Plaintiff, and plaintiff alone, is the only one who can testify to his version of the facts, *i.e.*, his contacts with Arrow, his (supposed) disputes to Arrow, etc.  Anything that his son, Bill Purnell, might have to say in that regard would be flatly inadmissible hearsay.   The same is true with respect to any "emotional distress" that plaintiff claims to have suffered.

## M<span style="font-variant:small-caps">OTION</span> *<span style="font-variant:small-caps">IN</span> L<span style="font-variant:small-caps">IMINE</span>* N<span style="font-variant:small-caps">O</span>. 4

Plaintiff's alleged contacts with other debt collectors, be it with respect to this debt or any others, simply have no relevance and will only serve to inflame the jury and prejudice defendant.  That evidence must be excluded.

Dated:  May 5, 2009                              Respectfully Submitted,

                                                                 ARROW FINANCIAL SERVICES, LLC

                                                                 By:     */s/* David L. Hartsell
                                                                         One of its Attorneys

David L. Hartsell
McGUIREWOODS LLP
77 W. Wacker Drive, Ste. 4100
Chicago, Illinois 60601
(312) 849-8100
(312) 849-3690 (fax)
dhartsell@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I, David L. Hartsell, hereby certify that on May 5, 2009, I electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTIONS *IN LIMINE*** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following ECF users:

> Ian B. Lyngklip
> Lyngklip & Taub Consumer Law Group, PLC
> 24500 Northwestern Highway
> Suite 206
> Southfield, MI 48075
> ilyngklip@pop.net

                                              */s/* David L. Hartsell

\8909459.2