# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LESLIE PURNELL,

        Plaintiff,

v.

                                     Case No. 05-CV-73384

ARROW FINANCIAL SERVICES, LLC,

        Defendant.

_____/

### OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO BAR" AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE

Pending before the court are Defendant Arrow Financial Services's "Motion to Bar" and its "Motions in Limine," which is comprised of four separate motions in limine. For the reasons stated below, Defendant's "Motion to Bar" is denied, and its motions in limine are granted in part and denied in part.

### I. MOTION TO BAR

Defendant's motion to bar seeks to prevent Plaintiff from raising three statutory causes of action. (Def.'s Mot. at 1.) Specifically, Defendant claims Plaintiff never plead claims under 15 U.S.C. §§ 1692g(b), 1692f, or Mich. Comp. Laws § 339.918 and should therefore not be allowed to litigate those claims at trial. On May 27, 2009, the court detailed, on the record, Defendant's basis for the motion and a proposed resolution arrived at through Plaintiff's and Defendant's efforts. As such, for the reasons on the May 27 record, and in light of the additional discovery agreed to by the parties, Defendant's motion to bar these claims will be denied.

## II.  MOTIONS IN LIMINE

### A.  Motion to Exclude Evidence Prior to September 1, 2004 for FDCPA Claims

Defendant argues that Plaintiff's allegations of Fair Debt Collection Practices Act ("FDCPA") violations are controlled by the FDCPA's one year statute of limitations. (Def.'s 4/3/09 Mot. at 1.)  Defendant seeks to prevent Plaintiff from introducing evidence, in support of his FDCPA claims, that existed prior to September 1, 2004 – one year before Plaintiff filed his complaint.  (*Id.*)  Plaintiff does not contest the FDCPA's one-year statute of limitations, but argues that evidence prior to September 1, 2004 is relevant to his state law claims, general factual background, and aspects of his damages.  On May 27, 2009, Defendant stated, on the record, that it does not contest Plaintiff's general ability to introduce evidence prior to September 1, 2004, but only seeks to limit that evidence's direct support of Plaintiff's FDCPA claims.  The court agrees that the FDCPA's one-year statute of limitation, 15 U.S.C. § 1692k(d), controls, and will grant Defendant's motion in limine to the extent it seeks to prevent the introduction of evidence – offered for the purpose of directly supporting Plaintiff's FDCPA claims – which occurred prior to September 1, 2004.

### B.  Motion to Exclude Evidence Prior to September 1, 2002 for State Law Claims

In a similar fashion, Defendant seeks to have the court determine the proper statute of limitations for Plaintiff's state law claims, brought pursuant to Mich. Comp. Laws §§ 339.915(a), (e), (f) and § 339.918.[1]  (5/28/09 Order at 2-3.)  Those statutes do

---

[1]  Defendant argues that, because Plaintiff did not contest the issue, Defendant's proposed statute of limitations should apply to Plaintiff's claims under Mich. Comp. Laws §§ 445.251 and 252.  (Def.'s Reply at 2 n.1.)  Those statutory claims are not contained in the parties' Joint Final Pretrial Order, which supercedes prior pleadings,

not contain a defined statute of limitations.  Defendant argues that the court should

analogize the claims to traditional common-law torts and apply Mich. Comp. Laws §

600.5805(10) ("§ 5805"), which provides for a three year statute of limitations.  (Def.'s

4/3/09 Mot. at 2.)  Defendant asserts that Plaintiff's claims, brought under the auspices

of the Michigan debt collection practices statues, are "essentially, codified forms of

traditional, common-law claims for negligence, harassment, defamation, tortious

interference . . . and the like."[2]  (*Id.* at 3.)  Plaintiff counters that, if any common-law

claim applies, it is that of fraud, which would allow for a six-year statute of limitations.

(Pl.'s 4/17/09 Resp. at 6-7.)  Plaintiff further argues that his claims do not have any

common-law basis, and thus are subject to the residual six-year statute of limitations

applicable through Mich. Comp. Laws § 600.5813 ("§ 5813").[3]  (*Id.* at 4-6.)

Under Michigan law, where a statutory cause of action does not define a statute

of limitations and the cause of action does not have a traditional common-law

counterpart, the statute of limitations is governed by § 5813.  *See DiPonio Constr. Co.*

───────────────

and, therefore, Plaintiff cannot proceed on those claims at trial.  E.D. Mich. LR 16.2(a).
Because those statutory sections are no longer at issue for trial, the court need not now
determine the proper statute of limitations for such claims under Mich. Comp. Laws §§
445.251 and 252.

[2] Defendant also argues that the court should analogize Plaintiff's state law
claims to claims brought under the FDCPA.  (Def.'s 5/5/09 Reply at 5-6.)  While there is
significant similarity between the two statutes, Defendant provides no legal authority –
and the court is aware of none – for the court "borrow" a statute of limitations for a *state*
statute from a *federal* statute.  Indeed, the usual direction of borrowing is exactly the
opposite, in that the court might apply a state statute of limitations to a federal statute
lacking its own.  *See, e.g.*, *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009) (applying
state law statute of limitations in federal § 1983 action).

[3] The "catch-all" statute states that "[a]ll other personal actions shall be
commenced within the period of 6 years after the claims accrue and not afterwards
unless a different period is stated in the statutes."  Mich. Comp. Laws § 600.5813.

3

*v. Rosati Masonry Co., Inc.*, 631 N.W.2d 59, 66 (Mich. Ct. App. 2001) (citing *Nat'l Sand,*

*Inc. v. Nagel Constr, Inc.*, 451 N.W.2d 618, 622-23 (Mich. Ct. App. 1990) ("[I]f plaintiff

pled malpractice or some other traditional, common-law tort, then we must apply §

5805.  Otherwise, § 5813 would be appropriate.")).  Plaintiff has summarized the alleged

violations using words such as "misleading", "deceptive", "untrue", "inaccurate",

"misrepresenting", and "failing to cease."  (5/28/09 Order at 2-3.)  Certainly, those words

are in the lexicon of common law fraud.  Missing from the violations, however, is the key

fraud element of reliance.  Thus, Plaintiff's allegations of statutory violations do not fit

well into the fraud mold.  *See Kuebler v. Equitable Life Assurance Soc'y of the United*

*States*, 555 N.W.2d 496, 499 (Mich. Ct. App. 1996) (Where statutory malpractice was

charged, but the complaint alleged "all the necessary elements of fraud . . ., the statute

of limitations governing fraud actions will apply to the fraud count.")  Likewise, Plaintiff's

allegations of improper and overly aggressive debt collection techniques feature some

aspects of – but do not fit well with – Defendant's proposed common-law torts of

negligence, harassment, defamation, intentional infliction of emotional distress, or the

like.  The mere fact that Plaintiff's allegations may be, in some manner, shoe-horned

into a common-law tort cannot control in light of clear direction that where "plaintiff's civil

cause of action [is] for . . . a statutory violation, [the court should apply] the six-year

limitation period found in § 5813."  *DiPonio Constr. Co., Inc.*, 631 N.W.2d at 66.

Therefore, Defendant's motion in limine to define the statute of limitation for Plaintiff's

state law claims as three years will be denied.  The court finds, as a matter of law, that §

5813 defines the proper statute of limitations for Plaintiff's state law claims to be six years.[4]

### C.  Motion to Exclude William Purnell As A Witness

Defendant seeks to bar Plaintiff from calling his son, William Purnell, as a witness.  (Def.'s 4/3/09 Mot. at 4.)  Defendant argues that William Purnell's testimony would be "irrelevant, immaterial, and cumulative," in addition to its low probative value and highly prejudicial nature.  (*Id.*)  The court is aware of William Purnell's extensive involvement in the care of the elderly Plaintiff.  Further, there are facts which the court finds are likely to be presented at trial demonstrating William Purnell's involvement in the specific circumstances of Defendant's alleged debt collection efforts.  As such, subject to specific objections at trial, the court finds William Purnell to be a relevant witness who Plaintiff may call and Defendant's motion in limine will be denied.

### D.  Motion to Exclude Evidence of Previous Debt Collectors

Finally, Defendant seeks to exclude evidence of Plaintiff's prior interactions with other non-party debt collectors.  (*Id.* at 5.)  Defendant argues previous encounters are irrelevant, immaterial, and unfairly prejudicial.  (*Id.*)  The court can foresee some relevance as it might relate to Plaintiff's damages, but a final determination cannot be made without the benefit of the evidence developed at trial.  Therefore, Defendant's motion will be denied, without prejudice, subject to specific objections were previous debt collection encounters to be raised at trial.

---

[4] *But see Moya v. Hocking*, 10 F. Supp. 2d 847, 848 n.2 (W.D. Mich. 1998) (Holding, without analysis, that violations of Mich. Comp. Laws § 339.915 are most similar to a cause of action for collection of an account receivable, and thus subject to a six year statute of limitation under Mich. Comp. Laws § 600.5807(8)).

**III.  CONCLUSION**

Accordingly, IT IS ORDERED that Defendant's "Motion to Bar" [Dkt. # 92] is

DENIED.

IT IS FURTHER ORDERED that Defendant's "Motions In Limine" [Dkt. # 88] are

GRANTED IN PART.  Specifically, the motion is granted to the extent that Defendant

seeks to limit Plaintiff's evidence of alleged FDCPA violations to the statute's one year

statute of limitations.  It is DENIED in all other respects, subject to the parties's ability to

raise specific objections at trial.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 29, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, May 29, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\05-73384.PURNELL.Deny.Mot.Bar.Grant.Part.Mot.Limine.eew.wpd